## Cadwalader's Appeal.

App, by writing of October 31st 1839, agreed to take from Cadwalader a lot on a ground-rent. App put on improvements, paid ground-rent till September 1850, and often, unsuccessfully demanded a conveyance; in 1851 he notified Cadwalader that he would not recognise his title, and claimed a return of rents on the ground that Cadwalader had no title, there being an outstanding term of years. Cadwalader filed a bill for specific performance in 1864. *Held*, that his contract was stale, specific execution should be refused, and he left to his legal remedy.

February 4th 1868.   Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ.   READ, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Philadelphia*.   In Equity: No. 461 to January Term 1867.

This was a bill by George Cadwalader against Mary App and Samuel App, executors, &c., of George App, deceased, and Samuel App, George App, Henry Fries and Mary Ann, his wife and George Ristine, filed November 10th 1864.

The bill was to compel specific performance of the following agreement:—

"I, George App, do hereby agree to take the lot on Frankford Road, twenty feet front by one hundred feet deep, adjoining my house to the south, on a ground-rent of three dollars per foot, equal to sixty dollars per annum, payable half-yearly, clear of taxes, from the first day of November, A. D. 1839.

"GEORGE APP, Sr.

"GEORGE CADWALADER."

"Philadelphia, 31st October 1839."

The bill set out the agreement, and alleged that George App, the decedent, entered into possession of the lot, erected improvements on it, and up to September 4th 1850 had made divers payments on account of the rent amounting to $555; that the plaintiff had been ready and willing to make a conveyance of the premises clear of encumbrances to App in his lifetime, and had requested him to accept such deed and comply with his part of the agreement, but that he had refused; that App died in December 1852, devising his real estate to the defendants, his wife, children and grandchildren.   That since App's death, the plaintiff has frequently applied to the defendants to comply with the agreement, he being ready and willing to make a conveyance, &c., but they have refused to pay the ground-rent and accept the conveyance, pretending that the plaintiff cannot make a good title, which he averred was not true, and prayed that the devisees might be decreed to comply with the contract, &c.

Samuel App, one of the defendants, answered, admitting the agreement, but denying that the decedent took possession under it.   He

averred that the lot had belonged to Richard Penn, who, on the 1st of July 1784, conveyed it, subject to a ground-rent of $13, to Scipio Wormly, who took possession and lived on it till 1829, when he died without known heirs or kindred; that the decedent being the owner of the adjoining lot, immediately took possession of the lot in question, adversely to the rights of the plaintiff, if he had any, and of all other persons, and so held it in 1839, when the plaintiff applied to him, claiming that he was the owner; that the decedent, deceived by the plaintiff's representations that he was owner, entered into the agreement stated in the bill, but with the express understanding that the plaintiff should show that he had a good title; that during all the time till 1850, although frequently solicited, the plaintiff evaded and refused to make the decedent a title; that on the 24th of April 1851 the decedent notified the plaintiff in writing that as he had failed to comply with his agreement to execute to him a ground-rent deed for the lot, he, the decedent, no longer recognised his title, and would hold him accountable for the rent already paid him, &c.   That no deed having been made, the decedent, on the 6th of May 1851, conveyed the lot to the respondent, Samuel App; that the plaintiff never tendered to him, nor, as he believes to any of the other devisees, a deed for the lot.

An examiner was appointed, before whom the plaintiff gave in evidence a lease for 10,000 years for the lot in question, dated July 1st 1784, from Richard Penn to Scipio Wormly, reserving a yearly ground-rent of $13.33; also a deed from Richard Penn to the plaintiff, dated October 19th 1838, for (amongst other things), Wormly's ground-rent, and all other charges, ground-rents, &c., reserved out of any parts of said (two) pieces of land and all the estate of the grantor to the lots out of which the rents are issuing.

He gave in evidence also the contract stated in the bill.   The plaintiffs' counsel stated before the examiner that "the plaintiff is ready to perfect the title if deemed necessary by having letters of administration taken out upon the estate of Scipio Wormly, deceased."

The defendant gave in evidence the deed from decedent to Samuel App, also evidence of demands upon the plaintiff for a conveyance, and the notice referred to in the answer.

Other evidence, unimportant, was given on both sides.

After the examiner's report, the Court of Common Pleas dismissed the bill; which, on appeal to the Supreme Court by the plaintiff, was assigned for error.

*G. T. Bispham* and *W. H. Rawle* for appellant, cited Moss's Appeal, 7 Wright 29; Duchess of Kingston's Case, 2 Sm. L. Cas.

424; Hepburn *v.* Dunlop, 1 Wheat. 179; Moss *v.* Hanson, 5 Harris 382; Clarke *v.* Trindle, 2 P. F. Smith 492.

*T. Westcott* for appellee, cited Hatch *v.* Cobb, 4 Johns. Ch. R. 559; Rogers *v.* Saunders, 16 Maine 92; Colson *v.* Thompson, 2 Wheat. 336; Longworth's Case, 1 McLean 395; Morgan *v.* Morgan, 2 Wheat. 290; Ley *v.* Huber, 3 ·Watts 368: Miller *v.* Henlan, 1 P. F. Smith 265; Freetly *v.* Barnhart, Id. 279; Act of April 22d 1856, § 6, Pamph. L. 532, Purd. 654, pl. 13.

The opinion of the court was delivered, February 18th 1868, by AGNEW, J.—It is said this bill does not aver possession taken by App under the contract. But it means this, or it means nothing, and it is because it means this, the answer of App, the son and purchaser, is responsive in denying that App the father, was in possession under and not adverse to the contract. But be this as it may, we think this is a stale claim not to be executed by a chancellor whose aid is of grace and not of right. When Cadwalader sold to App he undertook to convey what he had no title to. There was an outstanding title by lease for 10,000 years in Scipio Wormly. App was anxious to have his contract completed and often called for his deed. He obtained no satisfaction, but was put off, until finally, more than fifteen years ago, he notified Cadwalader that he would not recognise his title, and should claim a return of rents paid, on the ground that he had no title. He then sold the premises to his son, who has put valuable improvements upon the property. Cadwalader rests till 1864, and then files this bill for specific performance, without a step taken to acquire title himself or to make one to App. Before the court below his only answer to this want of title and of ability to make one, was an offer to take out letters of administration on the estate of Scipio Wormly. In the argument it is said letters have since been taken out; but even yet it is wholly uncertain who will become the purchaser of Scipio's term or that he, whoever he may be, can and will make a title in aid of the vendor's contract. In a case like this where the vendor has speculated upon what he did not own, and has made no effort to carry out his contract, he asks too much for a special decree suited to the mere possibility of his acquiring a future title to the outstanding term of Scipio Wormly, especially as it is asserted that Scipio died without known kindred and his estate was escheated to the Commonwealth. It is precisely a case where a chancellor, looking at the staleness of the contract, the supineness of the vendor, and the sale and improvements since made will leave him to his legal remedy, if perchance even this has not been lost by neglect. There is no equity in the plaintiff's bill and the decree of the Court of Common Pleas dismissing the bill is affirmed, and the costs ordered to be paid by the appellants.